[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These consolidated actions represent contractual lawsuits between the plaintiff and the defendant. Dennis Gavigan in the first action brought suit in two counts seeks enforcement of his contractual right to wages claimed from the defendant, his former employer. In the first count of his complaint he seeks a commission, or wages as hereinafter described by the court, in connection with sale of a modular home to Mr. Mrs. Thomas Carey on or about March 8, 1987. Count two of said complaint is in connection with his claim for wages due on account of the ultimate sale of a home on or about August 28, 1987 to one Milton Sharpe.
In connection with the alleged compensation due under count two, the employer, Modular Home Inc., filed the CT Page 4751 interpleader action under Title of Shoreline Modular Home, Ina. v. Dennis Gavigan, file no. 58529 which has been consolidated with this matter for trial. In that suit the defendant ultimately concluded that it owed commission to one or two people and did not know to whom it should be paid. At the outset it is to be noted that this interpleader action was only filed some two years after the original dispute arose.
Notwithstanding, Exhibit A, which is entitled An Independent Sales Contract or Agreement, the legal status of the parties under Chapter 558 Title 31 Sections 31-71a, et seq., Conn. General Statutes, is that the defendant Modular Homes, Inc. is an employer, the plaintiff Dennis Gavigan is an employee and the monies claimed to be due which are termed commissions, are in fact wages.
The following constitute the findings and conclusions of the court from the evidence found credible by the court offered during the course of the trial.
The plaintiff was working for the defendant and in the course of his employment Mr. Mrs. Thomas Carey arrived at the Madison Office.
In connection with the first count, Mr. Mrs. Thomas Carey arrived at the Madison office of the defendant and commenced talking with Dennis Gavigan in connection with the purchase of a modular home. Mr. Carey testified that he and his wife never knew a person named John Larson and that the only contact they had with the defendant's operation was Mr. Dennis Gavigan. This was in approximately March of 1987, they had come into a piece of property from Mrs. Carey's parent and were interested in purchasing a home to locate thereon. They did not know John Larson, their parents did not own a modular home, and when they arrived at the defendant's place of business they did not ask for John Larson. They commenced and negotiated with Dennis Gavigan and ultimately signed a contract to purchase a modular home. The amount of the commission due on this sale is indisputably $2,400. After the sale was consumated and the monies paid to the defendant, the plaintiff made his claim for commission. Mr. Robert Brann, the owner of the company declined to pay him the said $2,400 and instead paid it to John Larson, another salesman and employee to whom he told it was due. This was done after he had some sort of a meeting with these two gentlemen.
There was testimony offered by Mr. Brann as to some sort of a "lead card" policy, in which evidence the CT Page 4752 court does not place credibility. It seems as though company policies were adopted from time to time commensurate with the existing pressures of business. In any event, this court concludes that Mr. Brann made an ex parte determination to pay the commission due to one John Larson and that said act was an intentional one by him. In so paying it, it is the conclusion of this court that he mispaid wages due, since this court concludes that the commission wages, were in fact due to the plaintiff herein, Dennis Gavigan, and he did not elect to file an interpleader action like the companion case hereto. Among the exhibits offered by Mr. Brann was exhibit 4, so called "lead card" which the court concludes is not a record of his company's since it was not so established in the evidence. This is a card upon which some unknown persons made some writings and markings at unknown dates. The court accords very little credibility to it from a probative standpoint.
This action is brought under Section 31-72
which authorizes civil actions to collect wage claims and the plaintiff herein claims the benefit of the damage provision of said statute which allow an award of twice the full amount of wages with cost and such reasonable attorney's fees as may be allowed by the court.
In connection with this count the court finds that the credible evidence was offered by Mr. Gavigan and Mr. Carey. The ex parte determination of Mr. Brann to pay the wages due under this sales contract to Mr. Larson constituted an act of bad faith and an unreasonable withholding of the wages due to the plaintiff herein. Accordingly, under this count the court awards to the plaintiff damages on account of wages in the amount of $4,800.
Under the consolidated action the court concludes that the wages or commissions due under the Sharpe contract should have been paid on or before January 1, 1988. It was not until July of 1990, some eighteen months later that the interpleader action was started. The summary judgment on the interpleader suit disposes of the liability issue that is that Mr. Gavigan is entitled to the payment of the commission of $2,500 from the defendant Shoreline Modular Homes, Inc. However, said payment was not made by Mr. Brann in view of his earlier and again ex parte determination, that one Walter Skinski was due the commission. There is no evidence before this court other than a statement of Mr. Brann that Mr. Skinski even claimed the commission. As a matter of fact his affidavit in the file, of recent date, indicates that he had not made a claim for the commission. These facts along with the withholding CT Page 4753 of the bringing of the interpleader action for eighteen months indicates, again, to this court bad faith on the part of Mr. Brann acting on behalf of Shoreline Modular Homes, Inc. Accordingly, the court awards damages in connection with this count and the interpleader action in the amount of $5,000 under Section 31-72 Conn. General Statutes to the plaintiff Dennis Gavigan.
The court further awards interest from the aforementioned dates in accordance with Section 31-265 from the date the wages or payment should have been received and finds that in connection with the first count it should have been received no later than October 1, 1987 and in connection with the second count no later than January 1, 1989.
Further, in accordance with said Section the court awards attorney's fees to the plaintiff in the amount of $3,000 plus costs as may be taxed by the clerk herein.
In summary, judgment may enter for the plaintiff to recover of the defendant the sum of $9,800 in wages plus statutory interest calculated from the aforementioned dates and attorney's fees in the amount of $3,000.
It is so ordered.
HIGGINS, J.
Judgment entered in accordance with the foregoing memorandum of decision.
Chief Clerk